**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Roger S. Atchley, <br><br>               Plaintiff, <br><br>     v. <br><br> C of SS AMS, <br><br>               Defendant. | Case No. 2:20-cv-01517-GMN-BNW <br><br> **ORDER** |

Presently before the court is plaintiff's application to proceed *in forma pauperis* (ECF No. 4), filed on September 1, 2020.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them.  Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*,

668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*  Unless it is clear that the complaint's deficiencies could not be cured through amendment, a plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff's complaint is illegible. (*See* ECF No. 1-1.) Accordingly, the Court cannot determine if Plaintiff stated a claim upon which relief can be granted. The Court will, therefore, dismiss Plaintiff's complaint with leave to amend. If Plaintiff chooses to amend his complaint, he must do so by October 16, 2020.

Based on the foregoing and good cause appearing therefore, IT IS ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* (ECF No. 4) is GRANTED.  Plaintiff will not be required to pay the filing fee of $400.00.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or giving security for them.  This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court must detach and file the complaint as a separate entry on the docket.

4. Plaintiff's complaint is dismissed without prejudice and with leave to amend. If Plaintiff chooses to amend his complaint, he must do so by October 16, 2020. Failure to

comply with this order will result in a recommendation to the district judge that this case be dismissed.

DATED: September 16, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE