UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Roger S. Atchley,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C of SS AMS,<br><br>　　　　　Defendant. | Case No. 2:20-cv-01517-GMN-BNW<br><br>**ORDER** |

　　　　Presently before the court is Plaintiff's amended complaint. ECF No. 7. The Court previously granted Plaintiff's motion to proceed *in forma pauperis* but dismissed his complaint because it was illegible. ECF No. 5. The Court gave Plaintiff leave to amend. *Id.* Because Plaintiff is proceeding *in forma pauperis*, the Court now screens Plaintiff's amended complaint.

　　　　**II.**　　**Screening the Complaint**

　　　　Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff submitted the pro se form complaint for social security cases, but it is largely blank. *See* ECF No. 7. Indeed, other than naming the parties and checking a box related to jurisdiction, it provides no information. *See id.* Accordingly, Plaintiff fails to state a claim upon which relief can be granted. The Court will, therefore, dismiss Plaintiff's complaint with leave to amend. If Plaintiff chooses to amend his complaint, he must do so by November 12, 2020.

IT IS ORDERED that Plaintiff's amended complaint is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff another copy of the pro se form complaint for social security cases.

IT IS FURTHER ORDERED that if Plaintiff chooses to amend his complaint, he must do so by November 12, 2020. Plaintiff is advised that if he amends his complaint, he must fill out the pro se form in its entirety, providing sufficient facts for the Court to determine if states a claim upon which relief can be granted. Failure to comply with this order will result in a recommendation to the district judge that this case be dismissed.

DATED: October 22, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE